FILED
2010 Mar-30 PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| GLENIECE S. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING LLC, a corporation;<br>EQUIFAX INFORMATION SERVICES,<br>LLC, a corporation; and EXPERIAN<br>INFORMATION SOLUTIONS, INC., a<br>corporation,<br><br>Defendants. | Case No. CV-2010-900126 |

## DEFENDANT LVNV FUNDING LLC'S
## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, defendant LVNV Funding LLC, hereby joins in and consents to the removal of this action from the Circuit Court of Shelby County, Alabama, to this Court.

Respectfully submitted this 26th day of March, 2010.

_____
Neal D. Moore, III.
*Attorney for LVNV Funding LLC*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205) 879-8722 – telephone
(205) 879-8831 – telecopier
Email: ndm@ffdlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CASE NO. _____

| | |
|---|---|
| GLENIECE S. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LVNV FUNDING LLC, a corporation; )<br>EQUIFAX INFORMATION SERVICES, )<br>LLC, a corporation; and EXPERIAN )<br>INFORMATION SOLUTIONS, INC., a )<br>corporation, )<br>)<br>Defendants. ) | (Removed from the Circuit Court of Shelby County, Alabama, Case No. CV-2010-900126) |

## DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S
## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, defendant Equifax Information Services, LLC, hereby joins in and consents to the removal of this action from the Circuit Court of Shelby County, Alabama, to this Court.

Respectfully submitted this 25th day of March, 2010.

_____
Victoria J. Franklin-Sisson, Esq.
*Attorney for Equifax Information Services, LLC*

OF COUNSEL:
JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP
505 20th Street North, Suite 600
Birmingham, Alabama 35203
vsisson@joneswalker.com
Telephone: (205) 226-5200
Facsimile: (205) 226-5226

ATl-2416461v1

# EXHIBIT B

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>58-CV-2010-900126.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### GLENIECE S WILLIAMS v. LVNV FUNDING LLC ET AL

**NOTICE TO**  LVNV FUNDING LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   GLENIECE S WILLIAMS
pursuant to the Alabama Rules of the Civil Procedure

2/19/10
2/18/2010 5:57:45 PM                           /s MARY HARRIS
**Date**                                                **Clerk/Register**                               **By**

                                                                                                  669-3760
☑ Certified mail is hereby requested    /s WESLEY L PHILLIPS           MARY H. HARRIS
                                        Plaintiff's/Attorney's Signature  CIRCUIT CLERK, SHELBY COUNTY
                                                                          P.O. BOX 1810
**RETURN ON SERVICE:**                                                    COLUMBIANA, AL  35051

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
**Date**                               **Server's Signature**

### 58-CV-2010-900126.00
### GLENIECE S WILLIAMS v. LVNV FUNDING LLC ET AL

C001 - GLENIECE S WILLIAMS                       v.   D001 - LVNV FUNDING LLC
           **Plaintiff**                                          **Defendant**


58-CV-2010-900126.00 D001

**SERVICE RETURN COPY**

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| GLENIECE S. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No.: CV-10-900126 |
| ) | |
| LVNV FUNDING LLC, a corporation; ) | |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| a corporation; and ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., a corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1. Plaintiff Gleniece S. Williams is a resident of Shelby County, over 19 years of age, and is competent to bring this action.

2. Defendant LVNV Funding LLC (hereinafter "LVNV") is a Delaware corporation with its principal place of business located in Las Vegas, Nevada and was doing business in Shelby County, Alabama at all times material to this Complaint. LVNV acted as a debt collector and debt buyer throughout the United States including Shelby County, Alabama at all times material to this Complaint.

3. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing business in Shelby County, Alabama at all times material to this Complaint.

4. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business located in Orange, California and was doing business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5. In February, 2009, Defendant LVNV sued Plaintiff in the Small Claims Court of Shelby County, Alabama, with a case number of SM-2009-247.

6. Plaintiff answered lawsuit numbered SM-2009-247 filed by Defendant LVNV on March 19, 2009.

7. In this suit, Defendant LVNV asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted it was owed $1,700.78.

8. Defendant LVNV asserted it was owed the amount of $1,700.78 based on the theories of contract and account stated for its recovery against Plaintiff.

9. In various correspondence Defendant LVNV claimed Plaintiff owed it $1,700.78.

10. Plaintiff denied and disputed the debt.

11. After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant LVNV.

12. Thereafter, case was set for trial on May 21, 2009.

13. Notice of the May 21, 2009 trial date was sent to Defendant LVNV and Plaintiff.

14. On May 21, 2009, the Honorable James R. Kramer, District Judge for Shelby County, entered an Order finding for Plaintiff and against Defendant LVNV in case number SM-2009-247.

15. The verdict entered in favor of Plaintiff Mary Letson and against Defendant LVNV by the District Court was a final adjudication on the merits.

16. Defendant LVNV did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

17. Defendant LVNV is not the owner of this alleged debt.

18. Defendant LVNV reported to the credit reporting agencies that Plaintiff owed this money and was in default.

19. Plaintiff did not owe this money to Defendant LVNV.

20. The debt being collected is a "consumer debt" as defined by the FDCPA.

21. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

22. Defendant LVNV is a "debt collector" as defined by the FDCPA.

23. After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendants Experian and Equifax requesting an investigation of the account that still appeared on Plaintiff's credit reports with regard to LVNV and this account number.

24. Plaintiff requested the accounts be deleted, as Plaintiff did not owe said account.

25. Plaintiff requested Defendants Experian and Equifax to contact the Defendant LVNV's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

26. No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

27. In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

28. Defendants Experian and Equifax notified Defendant LVNV in accordance with the FCRA of the dispute by the Plaintiff.

29. Alternatively, Defendants Experian and Equifax did not properly notify Defendant

LVNV and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant LVNV. This includes notification that Plaintiff won the lawsuit in the District Court.

30. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

31. On October 14, 2009, Defendant Equifax issued its results of investigation and re-investigation, Confirmation report number 9262004726 verifying the Defendant LVNV account with an account balance of $2357 with an account number of ***, last reported in October, 2009, and that it is a collection account.

32. On October 21, 2009, Defendant Experian issued an improper report stating the results of its investigation and re-inevstigation, Report number 2121860058, verifying the Defendant LVNV account with account number        was "Updated" and states the consumer is to "review this report to learn its outcome." In the one page report containing only the LVNV trade line, Defendant Experian improperly, unreasonably, and inaccurately verified the LVNV account showing a balance of $2357 as of October, 2009.

33. Further, in the one page report containing only the LVNV trade line, Defendant Experian improperly, unreasonably, and inaccurately verified the LVNV account showing a balance of $2357 as of October, 2009.

34. The reports of Defendants Experian and Equifax issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experian and Equifax following the entering of judgment against Defendant LVNV in the Small Claims Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

REDACTED

43. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45. Defendant LVNV has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant LVNV knows no balance is owed.

46. Defendant LVNV promises through its subscriber agreements or contracts to accurately update accounts but Defendant LVNV has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47. Defendant LVNV had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48. Defendant LVNV has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

52. At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

53. Defendant LVNV failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54. Defendant LVNV has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third

parties, including consumer-reporting agencies such as Equifax and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55. Defendants Experian and Equifax have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

56. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57. It is a practice of Defendant LVNV to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58. It is a practice of Defendants Experian and Equifax to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59. All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60. All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are

subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63. Defendant LVNV violated the FDCPA in numerous ways, including, but not limited to the following:

   a. Falsely reporting the debt on Plaintiff's credit reports with at least Experian and Equifax when Plaintiff does not owe the money;

   b. Suing the Plaintiff when there was no basis to do so;

   c. Continuing to assert the suit in state court when Defendant LVNV knew, or should have known, there was no basis for doing so;

   d. Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

   e. Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant LVNV is not entitled to collect upon.

64. The violations of the FDCPA by the Defendant LVNV is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant LVNV's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant LVNV for statutory, actual,

compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

### COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

65. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66. Defendants Experian and Equifax are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

67. Defendant LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68. Plaintiff notified Defendants Experian and Equifax directly of a dispute on the Defendant LVNV's account's completeness and/or accuracy, as reported.

69. The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70. Plaintiff alleges that at all relevant times Defendants Experian and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71. Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful

$50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.**

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Gleniece S. Williams
1317 Weatherby Cove
Birmingham, Alabama 35242

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

LVNV Funding LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109